## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GUARDIAN ANGELS MEDICAL SERVICE DOGS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 14-20C ) (Judge Coster Williams) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that this Court dismiss the complaint of plaintiff Guardian Angels Medical Service Dogs, Inc. (Guardian Angels) because the Court does not possess jurisdiction over Guardian Angels' complaint. In support of this motion, we rely upon the complaint, this brief, and the attached documents.

## STATEMENT OF THE ISSUE

Whether this Court possesses jurisdiction over Guardian Angels' complaint, where Guardian Angels failed to file a complaint within twelve months of receiving the contracting officer's decision terminating Guardian Angels' contract for default.

## STATEMENT OF THE CASE

### I. Nature Of The Case

This case arises under the Contract Disputes Act of 1978, 41 U.S.C. § 7101, *et. seq.* (CDA) regarding the Department of Veteran Affairs' (VA) alleged breach of a contract to provide service dogs to veterans.

## II.     Factual Background

Guardian Angels entered into a Blanket Purchase Agreement — VA248-BP-0218 (BPA 218) — with VA.[1]  A1;[2] *see also* Compl. at ¶ 5, Exhibit A.[3]  Under the BPA, Guardian Angels agreed to sell service dogs and health insurance for the dogs to the VA.  *See* Compl. ¶ 7; A4.  Under the terms of the BPA, the dogs would be paired with veterans.  A5.  The BPA included a provision for termination for cause.  A19.  VA issued a purchase order for six service dogs and one lot of insurance, which was subsequently increased to twelve dogs and twelve lots of insurance.  A22; *see also* Compl. Exh. A at 4 (pg. 2 of 3).  On July 5, 2012, VA issued a delivery order for an additional 10 service dogs, dog health insurance, and initial home and follow up visits.  A24.  On August 1, 2012, the contracting officer, via electronic mail, instructed Guardian Angels to suspend work on the July 5, 2012 delivery order because of questions raised about services on this most recent order.  A30.  On August 9, 2012, the contracting officer formalized the August 1, 2012 communication with a formal written Stop Work Order.  A31.

---

[1]  A BPA is an indefinite delivery, indefinite quantity procurement vehicle by which the Government agrees to pay a contractor a specified price for a particular good or service.  BPAs are not contracts, but rather are simplified method of filling anticipated repetitive needs for supplies or services by establishing "charge accounts" with qualified sources of supply.  *Zhengxing v. United States*, 71 Fed. Cl. 732 (Fed. Cl. 2006); 48 C.F.R. § 13.303-1(a).  A call placed under a BPA, if accepted by the contractor, is a contract.  *Zhengxing*; *Modern Sys. Technology Corp. v. United States*, 24 Cl. Ct. 360, 362 (1991), *aff'd*, 979 F.2d 200, 202-04 (Fed. Cir. 1992).

[2]  "A__" refers to a page in the appendix attached to this brief.

[3]  Exhibit A to the complaint purports to be the BPA, but pages 4 and 5 of Exhibit A are actually two pages from a three page modification designated as modification 0001, which is a requisition or purchase order for six dogs and one lot of health insurance.  The complete purchase order is attached to this motion at A21.

On August 31, 2012, the contracting officer sent Guardian Angels via electronic mail modification P00003 terminating BPA 218 and any open delivery or task orders issued under the BPA for default.  Compl. at ¶ 15; Compl., Exh. C.  The contracting officer terminated the BPA and delivery and/or task orders because Guardian Angels:  1) had paired dogs with veterans even though some of the dogs had various medical problems; 2) refused to obtain timely veterinary care for the dogs; 3) supplied dogs prior to placing a microchip in the dog; 4) failed to consistently and effectively de-worm dogs; and 5) provided some dogs with known aggressive behavior towards people or animals.  Compl., Exh. C.  The termination for default also stated that Guardian Angels violated the confidentiality and nondisclosure provisions of the contract and paired dogs with veterans, in some instances, before contract execution and during periods when contract performance had been suspended.  *Id.*  The contracting officer's August 31, 2012 termination decision advised Guardian Angels of its appeal rights.  Compl., Exh. C ("the contractor has the right to appeal under the Disputes clause.").

On December 21, 2012, Guardian Angels' counsel sent a letter to a VA official, not the contracting officer, referencing the August 31, 2012 termination for default, claiming that the termination was unjustified and contending that the termination should be converted to a termination for convenience.  A32.  The letter also stated that Guardian Angels "has calculated that it suffered losses in the amount of" $391,147.00 and demanded that VA pay Guardian Angels that amount by January 11, 2013 or Guardian Angels would "begin proceedings in federal court."  A33.

On February 28, 2013, Guardian Angels' counsel sent the contracting officer a letter stating that Guardian Angels believed that the contract should not have been terminated for default, but was instead a terminated for convenience.  Compl., Exh. D.  As a result, Guardian

3

Angels further contended that it was entitled to "a percentage of the contract price reflecting the percentage of work performed prior to the notice of termination, plus reasonable charges that have resulted and will continue to result from the termination." Compl., Exh. D. The letter sought damages of $1,046,474.30. Compl., Exh. D.

On March 21, 2013, the contracting officer responded to the February 28, 2013 letter from Guardian Angels' counsel stating that "VA is unable to reasonably evaluate or respond to your claim due to the lack of supporting documentation . . . ." Compl., Exh. E. The contracting officer asked Guardian Angels to provide any supporting documentation and stated that VA would review the documentation and respond.

Approximately six weeks later, on May 3, 2013, the contracting officer sent Guardian Angels' counsel a second letter pointing out that VA had not received a response to its previous letter of March 21, 2013. Compl., Exh. F. The contracting officer added that she previously found that Guardian Angels was in default in her August 31, 2012 contracting officer's decision and that she had not and would not reconsider that decision. *Id.*

### III.   Procedural History

On January 7, 2014, Guardian Angels filed a complaint in this Court. In its complaint, Guardian Angels alleges that VA improperly terminated the contract for cause and that, as a result, the contract should have been terminated for convenience. *Id.* at 9. Guardian Angels seeks damages of $1,046,474.30. *Id.*

### ARGUMENT

### I.   Standard Of Review

This Court is a court of limited jurisdiction. *Dynalectron Corp. v. United States*, 4 Cl. Ct. 424, 428, *aff'd*, 758 F.2d 665 (Fed. Cir. 1984). Its jurisdiction to entertain a suit and to grant

relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  A waiver of sovereign immunity of the United States cannot be implied, but must be unequivocally expressed by Congress.  *Testan*, 424 U.S. at 399; *United States v. King*, 395 U.S. 1, 4 (1969).  Absent congressional consent to entertain a claim against the United States, this Court does not possess authority to grant relief.  *Testan*, 424 U.S. at 399; *Sherwood*, 312 U.S. at 586.

A plaintiff bears the burden of establishing jurisdiction.  *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed."  *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).  However, the Court may look at evidence outside of the pleadings in order to determine its jurisdiction over a case.  *Martinez v. United States*, 48 Fed. Cl. 851, 857 (2001) (citing *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461-62 (Fed. Cir. 1998)).

II.     **This Court Does Not Possess Jurisdiction Over Guardian Angels' Complaint**

This Court does not possess jurisdiction over Guardian Angels' complaint because Guardian Angels failed to file its complaint within twelve months of receiving the contracting officer's decision terminating the contract for default.  "A contractor shall file any action [in the Court of Federal Claims] within 12 months from the date of receipt of a contracting officer's decision under section 7103 of this title."  41 U.S.C. § 7104(b)(3).  Guardian Angels failed to file its complaint in this action within 12 months from the date of receipt of the contracting officer's decision on August 31, 2012.  Compl. at ¶ 15.

### A. The Contracting Officer Terminated Guardian Angels' Contract For Default On August 31, 2012

As Guardian Angels alleges in its complaint, on August 31, 2012, the contracting officer terminated its BPA and any open delivery orders or task orders for default and transmitted the termination decision to Guardian Angels via electronic mail. Compl., ¶ 15; Compl., Exh. C. On February 28, 2013, Guardian Angels submitted a certified claim to the contracting officer. Compl., Exh. D. In response, the contracting officer initially requested that Guardian Angels provide the supporting documentation. However, on May 3, 2013, having received nothing further from Guardian Angels, the contracting officer sent another letter to Guardian Angels pointing out that no supporting documentation had been received and that the contracting officer had not and would not reconsider her previous decision terminating the contract for default. Compl., Exh. F. On January 7, 2014, Guardian Angels filed its complaint with this Court. Because Guardian Angels filed its compliant more than a year after receiving the termination decision, this Court does not possess jurisdiction over Guardian Angels' complaint. 41 U.S.C. § 7104(b)(3).

To the extent that Guardian Angels contends that the statute of limitations did not start to run until it submitted its purported claim on February 28, 2013, that contention is incorrect. It is well settled that a contracting officer's decision terminating a contract for default is a Government claim. *Malone v. United States*, 849 F.2d 1441, 1443-44 (Fed. Cir. 1988) ("Because the default termination in this case was a government claim, [plaintiff] properly appealed it without first submitting its own claim to the [contracting officer]."); *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764-65 (Fed. Cir. 1987). Moreover, even if Guardian Angels submitted a valid claim on February 28, 2013, the submission of that claim "is irrelevant for the purpose of

6

counting the twelve-month statutory period." *Educators Assoc., Inc. v. United States*, 41 Fed. Cl. 811, 814 (1998). As a result, the statute of limitations period began to run on August 31, 2012, when Guardian Angels received the contracting officer's termination for default, not on February 28, 2013, when Guardian Angels submitted a claim to the contracting officer.

In sum, the contracting officer issued a decision terminating Guardian Angels contract for default on August 31, 2012, and Guardian Angels failed to file a complaint challenging the termination within twelve months of receiving the termination decision. Compl. at ¶ 15. Therefore, this Court does not possess jurisdiction over Guardian Angels' complaint.

B.  **Guardian Angels Received The Termination Decision**

A contracting officer must "furnish a copy of the decision to the contractor by certified mail, return receipt requested, or by any other method that provides evidence of receipt." 48 C.F.R. § 33.211(b). Under that regulation, if a contractor disputes receipt of a decision, the Government must provide "objective indicia of receipt" by the contractor. *Riley & Ephriam Constr. Co., Inc. v. United States*, 408 F.3d 1369, 1372-73 (Fed. Cir. 2005) (holding that a telephone call confirming receipt of a facsimile transmission of a decision would be sufficient objective indicia of receipt to satisfy the requirements of 48 C.F.R. § 33.211(b)).

In this case, Guardian Angels does not dispute receipt of the termination decision. The complaint does not allege that Guardian Angels never received the termination decision. Nor could it because there is objective indicia of receipt. First, Guardian Angels alleges that the August 31, 2012 termination decision was transmitted to it by electronic mail. Compl. ¶ 15. Moreover, that Guardian Angels attached the decision terminating Guardian Angels' contract to its complaint is objective indicia of the fact that Guardian Angels received the termination decision and had it in its possession. Compl. Exh C. Finally, in a letter to VA dated December

21, 2012, Guardian Angels' counsel referenced the contracting officer's August 31, 2012 decision terminating the contract for default. A32. As a result, Guardian Angels must have received the August 31, 2012 termination for default decision by December 21, 2012. Because Guardian Angels did not file its complaint until January 7, 2014, even if Guardian Angels did not receive the termination decision until December 21, 2012, it still received the termination decision more than a year before filing its complaint. Because Guardian Angels cannot dispute that it received the termination decision more than a year before it filed its complaint, and there is objective indicia that it received the decision, the Government satisfied its obligation to provide evidence of receipt under 38 C.F.R. § 33.211(b).

## **CONCLUSION**

For the foregoing reasons, we respectfully request that this Court dismiss Guardian Angels' complaint for lack of jurisdiction.

    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General

    ROBERT E. KIRSCHMAN, JR.
    Director

           s/Deborah A. Bynum
           DEBORAH A. BYNUM
           Assistant Director

           s/Robert C. Bigler
           ROBERT C. BIGLER
           Trial Attorney
           Commercial Litigation Branch
           Civil Division
           Department of Justice
           P.O. Box 480
           Ben Franklin Station
           Washington, D.C.  20044
           Tele: (202) 307-0315
           Fax:  (202) 305-7644

April 1, 2014          Attorneys for Defendant