## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GUARDIAN ANGELS MEDICAL SERVICE DOGS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 14-20C ) (Judge Coster Williams) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO GUARDIAN ANGEL MEDICAL SERVICE DOGS, INC.'S MOTION FOR RECONSIDERATION OF AUGUST 29, 2014 ORDER OF DISMISSAL

Defendant, the United States, respectfully responds to "Plaintiff's Motion for Reconsideration of August 29, 2014 Order of Dismissal" (Guardian Angels' Mot.). It is well-settled that a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court." *Tamerlane, Ltd. v. United States*, 81 Fed. Cl. 511, 512 (2008), *aff'd*, 550 F.3d 1135 (Fed. Cir. 2008) (citation omitted). That, however, is precisely the nature of Guardian Angels Medical Service Dogs, Inc.'s (Guardian Angels) motion.

In its August 29, 2014 Order of Dismissal, the Court correctly held that it lacks jurisdiction to entertain Guardian Angels' complaint because Guardian Angels failed to file its complaint within twelve months of receiving the contracting officer's decision terminating the contract for default. *Guardian Angels Medical Service Dogs, Inc. v. United States*, Case No. 14-20C, 2014 WL 4270938, *3-4 (Fed. Cl. Aug. 29, 2014), (slip op. (Op.) at 4-6). In its motion for reconsideration, Guardian Angels repeats many of the same arguments it previously made, which were correctly rejected by the Court, as to why Guardian Angels erroneously believes it must submit a claim to the contracting officer before it can file a complaint in this Court. To the extent that Guardian

Angels raises any new arguments, those arguments should also be rejected because they are incorrect and could and should have been properly made in Guardian Angels' response to our motion to dismiss. Because Guardian Angels has failed to demonstrate the exceptional circumstances necessary to meet the standard for reconsideration, we respectfully request that the Court deny Guardian Angels' pending motion. *Bowling v. United States*, 93 Fed. Cl. 551, 561-62 (2010) ("The moving party must support its motion for reconsideration by a showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake of fact.") (citations omitted).

## ARGUMENT

### I.    Standard Of Review

A decision to grant a motion for reconsideration is "largely within the discretion" of the Court. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). To prevail upon a motion for reconsideration under RCFC 59, the movant must demonstrate that (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) reconsideration is necessary to prevent manifest injustice. *Bishop v. United States,* 26 Cl. Ct. 281, 286 (1992). "A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the Court.'" *Crowley v. United States*, 56 Fed. Cl. 291, 294 (2003) (quoting *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002)).

### II.    Reconsideration Is Not Appropriate In This Case

In its motion for reconsideration, Guardian Angels claims that reconsideration is necessary for three reasons: (1) the Court's dismissal is inconsistent with *Delaware Cornerstone Builders, Inc. v. United States*, No. 10-588C, 2014 WL 3665290 (Fed. Cl. July 24, 2014); (2) the

dismissal is contrary to *Arono, Inc. v. United States*, 49 Fed. Cl. 544 (2001); and (3) the dismissal

violates Guardian Angels' statutory and constitutional rights to due process.  Guardian Angels'

Mot. at 4-5.  We address each of Guardian Angels' erroneous points in turn.

### A.    *Delaware Cornerstone Builders* Did Not Involve A Termination For Default

As the Court correctly held, this Court does not possess jurisdiction to entertain Guardian

Angels' complaint because Guardian Angels failed to file its complaint within twelve months of

receiving the contracting officer's decision terminating the contract for default.  Op. at 4-6.  "A

contractor shall file any action [in the Court of Federal Claims] within 12 months from the date of

receipt of a contracting officer's decision under section 7103 of this title."  41 U.S.C. § 7104(b)(3).

As this Court further noted:

> Plaintiff's argument evinces its fundamental misunderstanding of the
> nature of a termination for default under the procedural regime
> established by the Contract Disputes Act.  A default termination is a
> Government claim that is immediately appealable to this Court.
> Thus, to challenge a contracting officer's decision to terminate for
> default under the CDA, a contractor must file an action in this Court
> within 12 months from the date of receipt of the contracting officer's
> decision.

Op. at 5 (internal citations omitted).  Despite the Court's ability to highlight Guardian Angels'

error, Guardian Angels continues to claim that it must file an administrative claim before it can file

a complaint in this Court and that it has six years to file such a claim.[1]  Guardian Angels' Mot at 6.

This is simply wrong and citing the Court's recent decision in *Delaware Cornerstone Builders* does

---

[1]    Guardian Angels refusal to grasp that a termination for default is a contracting officer's
final decision that must be appealed to this Court within 12-months is troubling given that
Guardian Angels relies upon *Arono* in other sections of its motion for reconsideration.  For
example, in its motion Guardian Angels recognizes that it has 12-months to challenge a termination
for default.  Guardian Angels' Mot. at 11 ("pursuant to *Arono*[,] . . . the twelve (12) month statute
of limitations in our case, was tolled, while the Contracting Officer was reconsidering the"
termination for default); *see also Arono*, 49 Fed. Cl. at 549 (recognizing that "Defendant is correct

nothing to change the fact that a termination for default is a contracting officer's final decision, which can be immediately appealed to this Court.  *Educators Assocs., Inc. v. United States*, 41 Fed. Cl. 811, 814 (1998).  Indeed, this Court has previously held that "a default termination notice . . . triggers the twelve month running of time in which plaintiff may file a claim with this court." *Educators*, 41 Fed. Cl. at 814 (citing *Malone v. United States*, 849 F.2d 1441, 1443-44 (Fed. Cir. 1998); *K & S Construction v. United States*, 35 Fed. Cl. 270, 274 (1996), *aff'd*, 121 F.3d 727 (Fed. Cir. 1997)).  Moreover, a termination for default is immediately appealable to this Court "even without first submitting a claim to the contracting officer." *Educators*, 41 Fed. Cl. at 814 (citing *Malone*, 849 F.2d at 1443-44).

In *Delaware Cornerstone Builders*, this Court held that a contractor must file a valid claim with the contracting officer before bringing an action in this Court.  However, what Guardian Angels fails to recognize is that *Delaware Cornerstone Builders* did not involve a termination for default, but plaintiff's claim that the Government had allegedly breached its contract with the plaintiff by failing to pay plaintiff approximately $200,000 for work that the plaintiff performed. *Delaware Cornerstone*, 2014 WL 3665290 at *1.  As a result, a claim to the contracting officer was a prerequisite for the plaintiff in *Delaware Cornerstone Builders* before bringing an action in this Court. *Id.* at *7.  Here, Guardian Angels' is challenging a termination for default.  The contracting officer's termination for default is a contracting officer's final decision, which must be appealed to this Court within twelve-months. *Educators*, 41 Fed. Cl. at 814.

---

in its assertion that a termination for default is a government claim that triggers the twelve-month statutory appeal period.") (citations omitted).

**B.**     <u>**The Court's Holding Is Not Contrary To *Arono***</u>

Next, Guardian Angels claims, for the first time, that *Arono, Inc. v. United States*, 49 Fed. Cl. 544 (2001) is somehow new "evidence not previously available that has subsequently become available" and that the application of *Arono* to this case is necessary to prevent injustice.  Guardian Angels' Mot. at 8.  In short, Guardian Angels relies upon *Arono* to claim that its formal dispute letter to the contracting officer, dated February 28, 2013, caused the contracting officer to reconsider her August 31, 2012 termination of Guardian Angels' contract.  Guardian Angels' Mot. at 10.  This is incorrect for several reasons.  *Arono* was decided in 2001 and, therefore, is not new evidence that was not previously available.  Perhaps Guardian Angels is claiming that it was not previously available because Guardian Angels failed to cite *Arono* in its opposition to our motion.  However, that does not make it unavailable.  While Guardian Angels arguments based upon *Arono* are new, because *Arono* was decided in 2001, those arguments could have been previously made and are, therefore, waived.  *Lamle v. Mattel, Inc.,* 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005) (holding that an issue first raised on a motion for reconsideration is waived); *Tamerlane*, 81 Fed. Cl. at 512 ("Reviving unsuccessful arguments and/or making new arguments not previously presented is impermissible in a motion for reconsideration[.]') (citations omitted).

Finally, even if Guardian Angels' had not waived its argument, based upon *Arono*, that the contracting officer reconsidered her termination for default decision, it would not prevail.  In *Arono*, the Court held that the contracting officer had reconsidered the previous termination for default because the "contracting officer acknowledged and extensively reviewed Arono's request for reconsideration" of its termination for default decision.  *Arono*, 49 Fed. Cl. at 550.  The Court also recognized that "a reaffirmation of a final decision does not, *per se*, constitute reconsideration of that decision.  Instead, it is the amount of time, if any, a contracting officer spends reviewing a

5

plaintiff's request for reconsideration that suspends the finality of the decision . . . ."  *Id.*  Here, unlike *Arono*, the contracting officer did not spend anytime considering a request for reconsideration.  On February 28, 2013, Guardian Angels submitted a letter disputing the default termination and asking that it be converted to a termination for convenience.  Op. at 3.  "In a letter dated March 21, 2013, the Contracting Officer requested that Plaintiff provide documentation supporting a termination for convenience, explaining that '[o]nce VA ha[d] received supporting documentation from [Plaintiff], VA [could] then proceed with a review of the material and provide a response as required by the Federal Acquisition Regulation.'"  Op. at 3.  Plaintiff failed to respond to this letter.  *Id.*  As a result, it is clear that the contracting officer never reconsidered the termination for default decision.  She requested additional information and stated that "once" that information was received she would review it.[2]  But Guardian Angels did not respond to her request for supporting documents and, as a result, that material was never received or reviewed.  Thus, unlike *Arono*, the contracting officer never spent any time reviewing a request for reconsideration and, as she stated in her letter, dated May 3, 2013, she did not reconsider that decision.  Op. at 3.

### C.    The Court's Order Does Not Violate Guardian Angels' Rights

Finally, Guardian Angels contends that the Court's decision violates its statutory and constitutional rights claiming that Guardian Angels was statutorily required to submit a claim before bringing an action in this Court.  Guardian Angels' Mot. at 14.  Guardian Angels further contends that the Court's decision is inconsistent because its complaint would have been dismissed for failure to first submit a claim to the contracting officer, if it had not submitted a claim prior to filing an action in this Court.  *Id*. at 17.  Again, Guardian Angels fails to distinguish between a

---

[2]  Even if the supporting documentation had been submitted and reviewed, that does not necessarily mean that the contracting officer reconsidered her termination decision because all she stated in her letter was that she would respond as required by the Federal Acquisition Regulation, not that she would necessarily reconsider her previous decision.

contractor's claim and a termination for default, which is a final contracting officer's decision, which is immediately appealable to this Court.  *Malone*, 849 F.2d at 1443.

Moreover, this argument does not meet the standard for reconsideration for two reasons. To the extent that Guardian Angels is claiming that its rights were somehow violated, it failed to make this argument in its opposition to our motion and because this argument could have been previously made, it is waived.  *Lamle,* 394 F.3d at 1359 n. 1.  Even now Guardian Angels fails to explain how its rights were violated or how this Court has jurisdiction to consider such a claim. Second, to the extent that this is not a new argument, but merely another way of arguing that Guardian Angels must submit a claim before appealing to this Court, that argument is not only incorrect, but was previously made and properly rejected by this Court.  Op. at 4-5.  Indeed, to prevail on a motion for reconsideration, a "movant . . . must do more than merely reassert [ ] arguments which were previously made and carefully considered by the court."  *Bannum, Inc. v. United States*, 59 Fed. Cl. 241, 243 (2003) (internal citations and quotations omitted).  As a result, Guardian Angels argument that it was required to submit a claim prior to appealing to this Court is not a reason to grant a motion for reconsideration.

## CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiff's motion for reconsideration.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

 s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

 s/Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Tele: (202) 307-0315
Fax:  (202) 305-7644

October 17, 2014                                     Attorneys for Defendant