# In the United States Court of Federal Claims

No. 14-20C
(Filed: January 22, 2015)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *    Reconsideration; Contract Disputes Act;
GUARDIAN ANGELS MEDICAL                     *    41 U.S.C. § 7104(b)(3); Government Claim;
SERVICE DOGS, INC.,                         *    Tolling of Statute of Limitations by
                                            *    Request for Reconsideration.
            Plaintiff,                      *
                                            *
      v.                                    *
                                            *
THE UNITED STATES,                          *
                                            *
            Defendant.                      *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

Joseph A. Davidow, Davidow Law, P.A., 975 6th Avenue South, Suite 200, Naples, FL 34105, for Plaintiff.

Stuart F. Delery, Robert E. Kirschman, Jr., Deborah A. Bynum, Robert C. Bigler, United States Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

**WILLIAMS**, Judge.

This Contract Disputes Act ("CDA") case comes before the Court on Plaintiff's motion for reconsideration of the Court's dismissal order in Guardian Angels Medical Service Dogs, Inc. v. United States, 118 Fed. Cl. 87 (2014). On August 29, 2014, this Court granted Defendant's motion to dismiss the Complaint, finding that Plaintiff failed to file suit within the period prescribed by the statute of limitations. The Contracting Officer's final decision to terminate Plaintiff's contract for default was a government claim under the CDA, and as such, Plaintiff's 12-month window to appeal to this Court began to run as of the date Plaintiff received the termination decision, which was no later than December 21, 2012. Plaintiff's Complaint, filed on January 7, 2014, was therefore time-barred.

In seeking reconsideration, Plaintiff argues that the statute of limitations should not have begun to run until the Contracting Officer issued a May 3, 2013 letter in response to Plaintiff's February 28, 2013 letter challenging the termination for default. Plaintiff contends that it was

required to submit a claim to the Contracting Officer, and that the May 3, 2013 letter was the Contracting Officer's final decision on that claim.

In raising this theory, Plaintiff argues that the present action is not based on a Government claim because "Plaintiff is a contractor and brought a contractor's claim pursuant to Section 7103 and Section 7104." Mot. Recons. 15. Although Plaintiff characterizes its February 28, 2013 letter disputing the Contracting Officer's decision to terminate Plaintiff's contract for default as a contractor "claim," the default termination was a Government claim within the meaning of the CDA, immediately appealable to this Court without the need for submission of a contractor claim to the Contracting Officer. Malone v. United States, 849 F.2d 1441, 1443-44 (Fed. Cir. 1988) ("Because the default termination in this case was a government claim, Malone properly appealed it without first submitting its own claim to the CO."). Indeed, Plaintiff acknowledged "it [was] permissible for a contractor to appeal a government claim to an appropriate BCA [board of contract appeals] without having to submit a monetary claim to its own contracting officer." Opp. Mot. Dismiss 6. "[A] default termination notice labeled as a final decision fulfills the statutory requirements of the [CDA] and triggers the twelve month running of time in which plaintiff may file claim with this court." Educators Assocs., Inc. v. United States, 41 Fed. Cl. 811, 814 (1998) (citing Malone, 849 F.2d at 1443-44; K & S Constr. v. United States, 35 Fed. Cl. 270, 274 (1996), aff'd, 121 F.3d 727 (Fed. Cir. 1997)).[1] As such, the statute of limitations here began running upon Plaintiff's receipt of the termination for default decision, not, as Plaintiff suggests, when the Contracting Officer responded to Plaintiff's letter.

Alternatively, Plaintiff posits that its February 28, 2013 dispute letter should be considered a request for reconsideration of the Contracting Officer's final decision which tolled the statute of limitations during its pendency. Plaintiff is correct that a request for reconsideration of a contracting officer's final decision may toll the statute of limitations in certain circumstances. "If a contractor timely submits a request for reconsideration of a final [] decision . . . , the time the Contracting Officer spends reviewing the request suspends both the finality of the [] decision and the time for appeal under the CDA." Envtl. Safety Consultants, Inc. v. United States, 95 Fed. Cl. 77, 94 (2010). However, simply submitting a request for reconsideration is insufficient to toll the statute of limitations; "it is the amount of time, if any, a contracting officer spends reviewing a plaintiff's request for reconsideration that suspends the finality of the decision regardless of whether that decision is ultimately reconsidered or reversed." Arono, Inc. v. United States, 49 Fed. Cl. 544, 550 (2001).

Plaintiff's February 28, 2013 letter to the Contracting Officer may be considered a request for reconsideration. A request for reconsideration need not be so titled or even formally submitted. See Metrotop Plaza Assocs. v. United States, 82 Fed. Cl. 598, 602 (2008). Though not expressly identified as a request for reconsideration, Plaintiff's February 28, 2013 letter sought "review and appeal of [the final termination] decision," stating that Plaintiff "materially disagree[d] with this decision." Mot. Recons., Ex. D. Because the Contracting Officer had to reverse the default termination to provide Plaintiff its requested relief on reconsideration,

---

[1] In arguing that this Court's dismissal order was inconsistent with Delaware Cornerstone Builders, Inc. v. United States, 117 Fed. Cl. 539 (2014), Plaintiff persists in misunderstanding the claim underlying this action. Because a termination for default is a Government claim, not a contractor claim, Delaware Cornerstone is inapplicable.

2

Plaintiff's February 28, 2013 letter qualifies as a request for reconsideration. See K & S, 35 Fed. Cl. at 276 ("Logically, [the plaintiff's] claims could not succeed unless the existing determination . . . were undone. By necessary implication then, the claims were requests for reconsideration, though perhaps presented in different guise.").

However, the Contracting Officer never actually reconsidered, or suspended the finality of, her decision. Finality is suspended during the time actually spent considering a request for reconsideration, and here the Contracting Officer spent no time reviewing Plaintiff's request. The Contracting Officer found that she was "unable to reasonably evaluate or respond to [Plaintiff's] claim due to the lack of supporting documentation." Compl., Ex. E. She then invited Plaintiff to submit further information, so that once the VA received supporting documentation it could "proceed with a review of the material and provide a response as required by the Federal Acquisition Regulation." Id. Plaintiff never responded, let alone provided supporting documentation. Having received no further information, the Contracting Officer advised Plaintiff that she had not and would not reconsider her decision to terminate for default. Mot. Recons., Ex. E. Because the Contracting Officer did not reconsider her decision, the statute of limitations was never tolled, and the appeal period expired 12 months after Plaintiff received the Contracting Officer's August 31, 2012 decision to terminate for default. Cf. Arono, 49 Fed. Cl. at 550 (finding that, due to the contracting officer's acknowledgement and review of the request for reconsideration, including extensive correspondence between the parties regarding the merits of the request, the statute of limitations was tolled).

## Conclusion

Plaintiff's motion for reconsideration is **DENIED**.

    s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**