IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GUARDIAN ANGELS MEDICAL
SERVICE DOGS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Case No. 14-20C
Judge Coster Williams

## PLAINTIFF'S NOTICE OF APPEAL

COMES NOW, the plaintiff, Guardian Angels Medical Service Dogs, Inc. ("Plaintiff"), by and through undersigned counsel, pursuant to Rule 58.1, Rules of United States Court of Federal Claims and Fed. R. App. P. 3, hereby provides this Honorable Court and The United States ("Defendant") notice of its intent to appeal the August 29, 2014 Order of Dismissal in favor of the Defendant, and in support thereof would state the following:

1.      On August 29, 2014, the Honorable Mary Ellen Coster Williams entered an Order of Dismissal in favor of the Defendant in the above-captioned case. The Court subsequently entered a Judgment in favor of Defendant citing Plaintiff's Complaint is dismissed for lack of jurisdiction on the same day.

2.      On or about September 18, 2014, Plaintiff filed a Motion for Reconsideration of the August 29, 2014 Order of Dismissal in favor of the Defendant pursuant to Rule 59 and 60, Rules of United States Court of Federal Claims.

3.      However, on January 22, 2015, this Honorable Court entered an Order denying Plaintiff's Motion for Reconsideration

4.     Accordingly, Notice is hereby given that Plaintiff in the above-captioned case hereby appeals to the United States Court of Appeals for the Federal Circuit from the Order of Dismissal in favor of the Defendant entered in this action on August 29, 2014. A copy of the August 29, 2014 Order of Dismissal in favor of the Defendant that is being appealed is attached hereto and incorporated herein as **Exhibit A.**

Respectfully submitted,

s/ JOSEPH A. DAVIDOW
Joseph A. Davidow
Attorney for the Plaintiff
Florida Bar No. 66356
WILLIS & DAVIDOW, L.L.C.
851 5th Avenue N., Suite 301
Naples, Florida 34102
(239) 465-0531

# EXHIBIT "A"

# In the United States Court of Federal Claims

### No. 14-20C
### (Filed:  August 29, 2014)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| \* | |
| **GUARDIAN ANGELS MEDICAL** \* | |
| **SERVICE DOGS, INC.,** \* | **Contracts Disputes Act, 41 U.S.C.** |
| \* | **§ 7104 (b); Government Claim;** |
| **Plaintiff,** \* | **Failure to Appeal Default** |
| \* | **Termination Within 12 months.** |
| **v.** \* | |
| \* | |
| **THE UNITED STATES,** \* | |
| \* | |
| **Defendant.** \* | |
| \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Joseph A. Davidow, Davidow Law, P.A., 975 6th Avenue South, Suite 200, Naples, FL 34105, for Plaintiff.

Stuart F. Delery, Robert E. Kirschman, Jr., Deborah A. Bynum, Robert C. Bigler, United States Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant.

---

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This Contract Disputes Act case comes before the Court on Defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction. Because Plaintiff did not appeal the Contracting Officer's default termination to this Court within 12 months of receipt of the decision, the action is time-barred.

### Background[1]

On June 26, 2011, Plaintiff, Guardian Angels Medical Service Dogs, Inc., entered into a firm fixed-price blanket purchase agreement ("BPA"), No. VA248-BP-0218, with the Department of Veteran Affairs ("VA").  Compl. ¶ 5, Ex. A.  Under the BPA, Plaintiff was to "provide service dogs to veterans suffering from post-traumatic stress disorder and the VA

---

[1]  This background is derived from the complaint and the appendix to Defendant's motion to dismiss.

*EXHIBIT A*

would cover the cost of the service dogs." Id. at ¶ 7, Ex. A at 2 of 3, 13 of 20.  The parties modified the BPA on August 5, 2011, to increase the number of dogs to be provided, and again on June 18, 2012, to adjust the cost schedule.  Id. at Ex. B.

On July 5, 2012, the VA issued Delivery Order No. 508D27128 under the BPA for delivery of 10 service dogs.  Id.  On August 1, 2012, the VA Contracting Officer, Cheryl Homison, instructed Plaintiff to suspend work on the contract "because of questions raised about services" that Plaintiff provided.  Def.'s Mot. 2 (citing Def.'s App. A30).  The Contracting Officer issued Plaintiff a Stop Work Order on August 9, 2012, followed by a modification terminating the contract for default on August 31, 2012.  Id. (citing Def.'s App. A31); Compl. Ex. C.[2]

In addition to outlining the "acts or omissions" that constituted Plaintiff's default, the modification read in pertinent part:

> (5) Guardian Angels Medical Service Dogs, Incorporated's failure to perform under this BPA is not excusable, and this notice of termination constitutes . . . [the contracting officer's decision].  Accordingly, Guardian Angels Medical Services Dogs, Inc. has the right to appeal [this] decision under the Disputes clause;
>
> (6) The Government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs; and
>
> (7) This notice hereby constitutes a decision that Guardian Angels Medical Service Dogs, Inc. is in default as specified and that the contractor has the right to appeal such decision under the Disputes clause.

Id. at 2-3.[3]

The BPA's referenced Disputes clause incorporated by reference FAR 52.233-1.  Compl. Ex. A at 19 of 20.  FAR 52.233-1(f) provides that "The Contracting Officer's decision shall be final unless the Contractor appeals or files suit as provided in 41 U.S.C. chapter 71."  FAR 52.233-1(f).  41 U.S.C. § 7104(b) states:

> (1) In General - Except as provided in paragraph (2), and in lieu of appealing the decision of a contracting officer under section 7103 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

***

---

[2] The Contracting Officer terminated the BPA and all orders issued for default.

[3] Plaintiff does not allege when it received this modification.

(3) Time for filing.-A contractor shall file any action under paragraph (1) or (2) within 12 months from the date of receipt of a contracting officer's decision under section 7103 of this title.

41 U.S.C. § 7104(b)(1)-(3).

In a letter dated December 21, 2012, addressed to Dr. Sunil Sen-Gupta at the VA's Rehabilitation Research & Development Office, Plaintiff argued that the default termination was unjustified and that the termination should be converted to a termination for convenience. Def.'s App. A32. On February 28, 2013, Plaintiff sent the Contracting Officer a letter disputing Defendant's default termination, claiming that Defendant should have terminated the contract for convenience and paid Plaintiff for work performed. Compl. Ex. D.

In a letter dated March 21, 2013, the Contracting Officer requested that Plaintiff provide documentation supporting a termination for convenience, explaining that "[o]nce VA ha[d] received supporting documentation from [Plaintiff], VA [could] then proceed with a review of the material and provide a response as required by the Federal Acquisition Regulation." Id. at Ex. E. Plaintiff apparently failed to respond to this letter.

In a letter to Plaintiff dated May 3, 2013, the Contracting Officer stated:

We received your Formal Dispute, dated February 28, 2013, on behalf of Guardian Angels Medical Service Dogs, Inc. (GAMSD) with regard to the BPA referenced above on March 1, 2013. As of the date of this letter, I have not received any response to my March 21, 2013, letter requesting documentation supporting your claim.

In any event, your Formal Dispute provides that GAMSD "materially disagrees" with my decision, dated August 31, 2012, terminating this BPA for cause and asserts a claim in the amount of $1,046,474.30.

As my August 31, 2012, decision set forth, GAMSD was in default, the rationale supporting the failure to perform was explicitly detailed in my decision, GAMSD's failure to perform was not excusable, and GAMSD's BPA, including any open delivery or task orders issued pursuant to the BPA, was terminated for cause. My August 31, 2012 decision stated:

> This notice hereby constitutes a decision that Guardian Angels Medical Service Dogs, Inc. is in default as specified and that the contractor has the right to appeal under the Disputes clause.

I have not and shall not reconsider that decision. As your February 28, 2013, correspondence also noted, you have the right to appeal my decision at the U.S. Court of Federal Claims pursuant to 41 U.S.C. § 7104(b).

Id. at Ex. F.

On January 7, 2014, Plaintiff filed a complaint in this Court, challenging Defendant's decision to terminate the contract for default and seeking $1,046,474.30 for termination for convenience damages. Id. at 9. On April 1, 2014, Defendant filed a motion to dismiss, arguing that the Court lacks subject-matter jurisdiction because Plaintiff failed to file its Complaint within 12 months of receiving the contracting officer's final decision to terminate for default.

### Discussion

The Tucker Act grants the Court jurisdiction to hear claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). In "reviewing a motion to dismiss for lack of subject matter jurisdiction, a court accepts only uncontroverted factual allegations as true for purposes of the motion," viewing the facts in the light most favorable to the plaintiff. Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Gibbs v. Buck, 307 U.S. 66, 72 (1939)); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). The party seeking jurisdiction bears the burden of establishing jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds, 846 F.2d at 748 (citations omitted). If a plaintiff does not establish subject-matter jurisdiction, the Court must dismiss the plaintiff's complaint. Rule 12(h)(3); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

Section 1491(a)(2) provides that "[t]he Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 7104(b)(1) of title 41, including a dispute concerning termination of a contract . . . ." Thus, a contracting officer's decision to terminate for default is a Government claim over which this Court has jurisdiction. See Malone v. United States, 849 F.2d 1441, 1443 (Fed. Cir. 1988); K & S Constr. v. United States, 35 Fed. Cl. 270, 275-76 (1996), aff'd, 121 F.3d 727 (Fed. Cir. 1997).

Here, Defendant argues that the Court lacks jurisdiction over Plaintiff's claim because Plaintiff failed to file its complaint within 12 months of receiving the Contracting Officer's August 31, 2012 decision to terminate the contract for default. Plaintiff counters that its February 28, 2013 letter to the Contracting Officer was a timely "claim," and as such, the 12-month statutory period did not begin to run until May 3, 2013, the date of the Contracting Officer's letter reiterating her August 31, 2012 decision to terminate for default. Citing Uniglobe General Trading & Contracting Co., W.L.L. v. United States, 115 Fed. Cl. 494 (2014), Plaintiff argues that this Court should examine when Plaintiff submitted a written claim to the Contracting Officer and received a final decision from the Contracting Officer, and whether Plaintiff filed this suit within one year of receiving the final decision. See Pl.'s Opp'n 5-6.[4]

---

[4] Plaintiff cites FAR 52.233-1(d)(1) to argue that it was required to submit a certified claim to the Contracting Officer prior to filing the complaint in this Court. The BPA incorporated by reference Federal Acquisition Regulation ("FAR") 52.233-1(d)(1), which states that "[a] claim by the Contractor shall be made in writing, and, unless otherwise stated in th[e] contract, submitted within 6 years after accrual of the claim to the Contracting Officer for a written decision." Compl. Ex. A at 19 of 20.

Plaintiff's argument evinces its fundamental misunderstanding of the nature of a termination for default under the procedural regime established by the Contract Disputes Act. A default termination is a <u>Government</u> claim that is immediately appealable to this Court. <u>Malone</u>, 849 F.2d at 1443 (citations omitted).  Thus, to challenge a contracting officer's decision to terminate for default under the CDA, a contractor must file an action in this Court within 12 months from the date of receipt of the contracting officer's decision. <u>Educators Assocs., Inc. v. United States</u>, 41 Fed. Cl. 811, 814 (1998) (citing <u>Malone</u>, 849 F.2d at 1443 and <u>K & S Constr.</u>, 35 Fed. Cl. at 275-76 ("[A] default termination notice labeled as a final decision fulfills the statutory requirements of the Contracts Dispute Act and triggers the twelve month running of time in which plaintiff may file claim with this court.").[5]  Plaintiff was on notice of this procedure for challenging a default termination.  The modification terminating the contract for default expressly stated in two places, paragraphs 5 and 7, that Plaintiff "has the right to appeal this [or such] decision under the Disputes Clause."  The Disputes Clause in the BPA incorporated FAR 52.233-1, providing that the decision to terminate was final "unless the contractor appeals" as provided in the CDA, 41 U.S.C. chapter 71.  The CDA in turn expressly states that a contractor may bring an action directly in this Court within "12 months from the date of receipt of a contracting officer's decision."  41 U.S.C. § 7104(b).

As the termination for default referenced, the CDA required Plaintiff to file its suit within 12 months from the date of receipt of the Contracting Officer's August 31, 2012 decision. Plaintiff does not indicate when it received this letter, but Plaintiff acknowledged the default termination in its December 21, 2012 letter to Dr. Sen-Gupta.  Because Plaintiff received the Contracting Officer's termination for default no later than December 21, 2012, Plaintiff was at least required to file its appeal in this Court within 12 months of December 21, 2012. <u>Educators</u>, 41 Fed. Cl. at 814 (citation omitted).  Plaintiff did not file its Complaint until January 7, 2014, beyond the 12-month statutory period.

While Plaintiff sought to challenge the default termination in its February 28, 2013 letter to the VA's contracting officer, this letter had no impact on Plaintiff's pursuit of its CDA appeal rights in this Court.  Although this letter was characterized as a "formal dispute" and a "claim," it did not alter the requirement that Plaintiff appeal the termination decision.  Indeed, the Contracting Officer's May 3, 2013 letter to Plaintiff responding to its February 28, 2013 letter reiterated that Plaintiff had the right to appeal the August 31, 2012 termination for default to this Court as stated in the termination decision.  Contrary to Plaintiff's misconception, it was not required to file a certified claim with the Contracting Officer prior to filing in this Court to appeal its default termination.  As the Court recognized in <u>Educators Associates, Inc. v. United States</u>, when challenging a default termination, the filing of a certified claim with the contracting officer is "irrelevant for the purpose of counting the twelve-month statutory period."  41 Fed. Cl. at 814.

---

<u>Uniglobe</u> is inapposite as that decision addressed a contractor's claim, not a Government claim like default termination.

[5] There is no indication in the record either that the Government sought reprocurement costs or that Plaintiff filed a claim regarding such costs.

## Conclusion

Defendant's motion to dismiss is **GRANTED**.  The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction.

<u>s/ Mary Ellen Coster Williams</u>
**MARY ELLEN COSTER WILLIAMS**
**Judge**

6